J-S05002-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD BANKS, | : | |
| | : | |
| Appellant | : | No. 1123 WDA 2013 |

Appeal from the PCRA Order May 3, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No(s): CP-02-CR-0002245-1993
and CP-02-CR-0002533-1993

BEFORE:  DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED JANUARY 30, 2015**

Appellant, Ronald Banks ("Banks"), appeals the order entered on May 3, 2013, in the Allegheny County Court of Common Pleas dismissing his second petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth herein, we affirm the PCRA court's order.

A prior panel of this Court provided the following summary of the relevant facts and procedural history of this case:

> [Banks] was charged with one count of homicide[FN1] in the shooting death of Darrell Dixon, which occurred on February 4, 1993.  In addition, [Banks] was charged with two related counts of violating the Pennsylvania Uniform Firearms Act.[FN2]  On April 19, 1994, a jury convicted [Banks] of third-degree murder as well as carrying a firearm without a

---

[1] 42 Pa.C.S.A. §§ 9541-46.

license. The Commonwealth gave notice of its intent to proceed under the mandatory sentencing provision of 42 Pa.C.S.A. § 9715, and sought the imposition of a life sentence on the murder conviction, due to [Banks'] prior record. Thereafter, [Banks] was sentenced to life imprisonment without parole for the third-degree murder conviction, to be followed by twelve to twenty-four months for his VFUA conviction. This Court affirmed [Banks'] judgment of sentence on June 4, 1996. On June 7, 1996, [Banks'] counsel notified [Banks] by mail of this Court's decision. [Banks] did not file a petition for *allocatur* at that time.

On March 20, 1998, [Banks] filed a *pro se* petition for leave to file a petition for *allocatur nunc pro tunc* with the Supreme Court of Pennsylvania. On June 25, 1998, our Supreme Court denied [Banks'] petition for *allocatur nunc pro tunc*. [Banks] subsequently filed a petition for post-conviction relief on October 21, 1998. Counsel was appointed and permitted to withdraw at [Banks'] request. The PCRA court appointed new counsel, who filed an amended PCRA petition on November 28, 2000. Following a hearing, the PCRA court denied [Banks] relief by order dated March 5, 2001. [Banks] filed a timely appeal to this Court on March 8, 2001.

_____

[FN1] 18 Pa.C.S.A. § 2501.

[FN2] 18 Pa.C.S.A. § 6106.

*Commonwealth v. Banks*, 441 WDA 2001, at 1-2 (Pa. Super. November 12, 2002) (unpublished memorandum) (footnotes included in original).

This Court affirmed the trial court's denial of post-conviction relief, concluding that Banks' petition was untimely and that he failed to prove a statutory exception to the timeliness requirement. *Id.* at 8. Banks thereafter filed a petition for allowance of appeal to the Pennsylvania

Supreme Court on December 10, 2002, which our Supreme Court subsequently denied on April 14, 2003.

On April 5, 2011, Banks filed a *pro se* second petition for post-conviction relief. On December 4, 2011, the PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, wherein the PCRA court stated that it "never received [Banks'] PCRA from the Department of Records and has requested that [Banks] resubmit his PCRA on two separate occasions: June 30, 2011 and July 26, 2011." PCRA Court's Notice of Intention to Dismiss, 12/5/11. Banks filed a response to the PCRA court's notice of intent to dismiss on December 15, 2011.

In his response, Banks argued that the PCRA court should not dismiss his petition without a hearing "based on [the] court's error of misplacing his petition." Banks' Response to Notice of Intent to Dismiss, 12/15/11, at 6-7. Banks argued that he filed his petition on October 14, 2010. In support of his argument, Banks provided documentation of a letter sent to George F. Matta, Clerk of Courts, which states that he enclosed one original and three copies of his PCRA petition, and requests Mr. Matta to return a copy of it to him. Banks also provided a cash slip dated and processed on October 14, 2010, in which Banks requested that the postage charges for legal mail addressed to Mr. Matta, be deducted from his account. Banks further alleged that on May 2, 2011, he wrote to the "division Manager of Department [] of Court [] Records [], Darlen [sic] Skosnik, requesting her to

provide him with a single courtesy copy of his criminal docket entries listing that will verify when his P.C.R.A. petition was filed within her office." ***Id.*** at 2. On May 11, 2011, Banks received two copies of docket entries from Ms. Skosnik, which reflect that his petition was filed on April 5, 2011.

After the PCRA court informed Banks that it did not have a copy of his petition, he attempted to contact several individuals at the department of court records, on several occasions, in an effort to obtain a copy. The department of court records could not locate a copy of the petition. Banks alleged that on August 3, 2011, Sam Smith of the department of court records informed him that the PCRA court had possession of his petition, despite the PCRA court's claim that it did not have a copy of the petition. Banks thereafter received the PCRA court's December 4, 2011 notice of intent to dismiss, to which Banks filed this response.

On May 3, 2013, after receiving Banks' response, the PCRA court dismissed Banks' petition without a hearing. Banks filed the instant appeal on May 28, 2013. On appeal, Banks raises the following issues for our review:

> 1. Whether the PCRA [c]ourt erred by dismissing the PCRA petition as the PCRA [c]ourt never receive[d] [Banks'] PCRA petition from the Department of Court Records and not meeting the [g]overnment [i]nterference exception to the PCRA time bar pursuant to 42 Pa.C.S.[A.] § 9545(b)(1)(ii)?
>
> 2. Whether the PCRA [c]ourt erred by denying mental incapacity [Banks'] Request For Appointment

of Counsel in order to resubmit [Banks'] PCRA petition with the PCRA [c]ourt while [Banks] was and remained incompetent throughout the period during which his right to file a PCRA petition pursuant to 42 Pa.C.S.[A.] § 9545(b)(1)(ii)?

Banks' Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 42 A.3d 1059 (Pa. 2012)). A PCRA petitioner must establish the claim by a preponderance of the evidence. *Commonwealth v. Gibson*, 925 A.2d 167, 169 (Pa. 2007).

In this case, the PCRA court dismissed Banks' petition without a hearing based on his failure to provide the court with a copy of his petition. PCRA Court Opinion, 6/30/14, at 3. The PCRA court further concluded in its subsequent 1925(a) opinion that Banks failed to provide anything new or different from his first PCRA petition regarding obstruction by government officials to overcome the untimeliness of his petition that would warrant a different result. *Id.* at 3-4.

Before reaching the merits of a petitioner's claim, Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes

- 5 -

final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This Court has held that the timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-85 (Pa. Super. 2008) (citing *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super. 2007)). Therefore, "no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Id*.

In reviewing the timeliness of Banks' petition, we note that this Court previously provided the following analysis:

> [Banks] was sentenced on May 12, 1994. This Court affirmed his judgment of sentence on June 4, 1996. On June 7, 1996, [Banks'] counsel notified [Banks] by mail of this Court's decision. [Banks] did not file a petition for *allocatur* at that time. Because [Banks] pursued no further review, his judgment of sentence became final on or about July 5, 1996, upon the expiration of the thirty-day time period for seeking review with our Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3). His petition for leave to file a petition for *allocatur nunc pro tunc*, which [Banks] filed on March 20, 1998, and the subsequent denial of that petition by our Supreme Court on June 25, 1998 do not serve to alter the date on which [Banks'] judgment became final.

*Banks*, 441 WDA 2001, at 5.

- 6 -

Banks contends that in order to meet the timeliness requirement, he "had to have filed his petition on or about [March 30, 2006,]" one year after the U.S. District Court for the Western District of Pennsylvania denied his writ of habeas corpus petition. Banks' Brief at 12. Our Supreme Court held in **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), however, that the time for filing a PCRA petition is not tolled while an appellant pursues a federal habeas corpus remedy. **Id**. at 222 ("As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii)."). Thus, in order to meet the timeliness requirements of the PCRA, we conclude that Banks was required to file his petition by July 5, 1997.

In this case, Banks did not file the instant PCRA petition until April 5, 2011. Because Banks filed the petition nearly fourteen years after the judgment of sentence became final, Banks' petition is facially untimely.

Nevertheless, although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at n.1 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).  The petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." *Commonwealth v. Davis*, 86 A.3d 883, 888 (Pa. Super. 2014) (citing 42 Pa.C.S.A. § 9545(b)(2)).

In this case, Banks asserts that his petition satisfies the first two exceptions to the timeliness requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii).  First, Banks asserts that his right to raise his PCRA claims was obstructed by government officials, specifically, the clerk of department of court records.  Banks argues that the clerk of the department of court records lost his PCRA petition, which he filed on October 14, 2010, and thereby caused his petition to be untimely.  Banks' Brief at 18.

Even accepting Banks' argument that he filed the instant PCRA petition on October 14, 2010 and that government officials interfered by losing his second PCRA petition, Banks does not assert that that government

- 8 -

interference prevented him from filing a petition by July 5, 1997 in accordance with the timing requirements. Instead, Banks' brief consists of his argument that government interference prevented him from filing his petition on October 14, 2010, nearly fourteen years after the deadline for filing a petition. Accordingly, Banks has not proven that "the failure to raise the claim previously was the result of interference by government officials," and therefore, fails to satisfy the exception under 42 Pa.C.S.A. § 9545(b)(1)(i).

Banks also argues that because of his mental incompetence, the exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) should apply. This Court has established that

> [t]he timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Robinson***, 12 A.3d 477, 480 (Pa. Super. 2011) (citation omitted).

Banks asserts that on March 15, 2001, state correctional officials transferred him from S.C.I.-Frackville to the Long Term Segregation Unit ("LTSU") at S.C.I.-Pittsburgh. Banks' Brief at 21. As a result of his transfer

- 9 -

to the LTSU, Banks argues that he remained in solitary confinement until April 5, 2010, at which time he was reassigned to the Special Needs Unit ("SNU").  **Id.** at 21, 24.  Banks further states that solitary confinement caused his mental illness symptoms relating to his diagnosis of schizoaffective disorder to worsen and his mental state to deteriorate.  **Id.** at 21, 24.  Due to his mental health condition, Banks "could offer no participation in identifying his issues, outlining his issues, preparing, drafting and filing a PCRA petition due to his ongoing active psychological symptoms[.]"  **Id.** at 25.  Thus, Banks argues that the second exception to the PCRA jurisdictional time requirement applies in this case.[2]

We find Banks' argument to be without merit.  As this Court previously held in **Commonwealth v. Monaco**, 996 A.2d 1076 (Pa. Super. 2010),

> Only under a very limited circumstance has the Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition.  *See, e.g.,* **Commonwealth v. Cruz**, 852 A.2d 287, 294-97 (Pa. 2004) (holding defendant's claims may fall under after discovered facts exception to PCRA timeliness requirements where his mental incompetence prevented defendant from timely raising or communicating claims).  *But see* [**Commonwealth v.**] **Sam**, [952 A.2d 565, 576-77 (Pa. 2008)] and its companion case **Commonwealth v. Watson**, 952 A.2d 541 (Pa.

---

[2]  We note that Banks also avers that his confinement in the LTSU was unlawful and that the unlawful confinement constitutes government interference that prevented him from timely filing an appeal.  Banks' Brief at 12.  Given our determination that the deadline for filing a petition was July 5, 1997, we conclude that Banks' argument is meritless, as his confinement in the LTSU began in 2001, four years after the deadline.

2008) (holding court erred in denying Commonwealth's request for involuntary administration of antipsychotic medication to restore death-row inmate competency so that he could participate in timely instituted post-conviction proceedings). Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements.

*Id.* at 1080-81.

In this case, Banks "avers that when his 'mental capacity [permanent] deteriorated in the LTSU[](e.g., "solitary confinement") that he lose [sic] all sense of temporal awareness -- which does explain why [he] didn't real[l]y have the sense of time that would be necessary to meet [the section 9545(b)(1)] deadline." *Id.* at 29. Banks further avers that had the PCRA court held a hearing, an expert witness could have testified "on the affected mind of prisoners in solitary confinement, and [he would have offered testimony] regarding his mental state 'back in 2001 and 2008[.]'" *Id.*

Banks, in his brief, consistently refers to his mental incapacity beginning in 2001 and the effects that his confinement in the LTSU had on his mental state. As previously discussed, however, Banks' argument that the jurisdictional time limit for filing an appeal was March 30, 2006, is futile. Thus, Banks' arguments concerning his mental state in 2001 and 2008 fail to demonstrate that his mental incompetence prevented him from timely filing a PCRA petition by the deadline of July 5, 1997, and therefore, fail to satisfy the exception under 42 Pa.C.S.A. § 9545(b)(1)(ii).

Because of Banks' failure to prove that at least one of the three timeliness exceptions in section 9545 applies to his PCRA petition, his petition is untimely and must be dismissed. We note that although our reasoning slightly differs from that of the PCRA court, this Court may affirm the PCRA court's decision on any basis. *See **Commonwealth v. Charleston**, 94 A.3d 1012, 1018 (Pa. Super. 2014) (citation omitted). Accordingly, we conclude that the PCRA court properly dismissed Banks' petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015